ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
Telephone No.: (702) 784-7600
Facsimile No.:  (702) 784-7649
ferranlawoffice@gmail.com
Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MRI INTERNATIONAL, INC., a Nevada Corporation<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.:<br><br>**PETITION TO QUASH SUMMONS** |

COMES NOW PETTITIONER, MRI INTERNATIONAL, INC. (hereinafter "MRI"), by and through undersigned counsel, and hereby requests that this Honorable Court enter an order quashing the administrative summons referenced herein, and as the basis for this Petition to Quash Summons states as follows:

### JURISDICTION

1. This is an action to quash an administrative summons issued by a Revenue Agent of the Internal Revenue Service.  The District Court has jurisdiction under 28 U.S.C. § 1331 and 26 U.S.C. § 7609(b)(2) and 26 U.S.C. § 7609(h).

### VENUE

2. Venue is proper in the District of Nevada under 26 U.S.C. § 7609(h)(1) as that is where the summoned party, Wells Fargo NA, has substantial connections as well as numerous places of business, and as that is where MRI maintains its accounts.  Specifically, the accounts summoned are maintained at the branch located at 3800 Howard Hughes Parkway, Las

Vegas, NV 89169.

**FACTS AND REQUEST FOR RELIEF**

3. On April 2, 2013, Tina Schlueter, a Revenue Agent with the Las Vegas, Nevada, post-of-duty of the Internal Revenue Service, issued a third-party summons upon Wells Fargo Bank NA, through its Legal Order Processing Center. A copy of this summons is attached hereto as **Exhibit 1**. The IRS reports serving Wells Fargo on or about January 28, 2013.[1]

4. Petitioner MRI International, Inc. is a Nevada Corporation duly authorized to conduct business in the State of Nevada, and at all times relevant hereto has been 100% compliant with Nevada State and Federal laws. Petitioner is currently under audit with the Internal Revenue Service (hereinafter sometimes "IRS") for the tax year 2009, and has provided substantial information over the course of several meetings and communications with the IRS relative to this audit. It is believed that this audit has been expanded to include the tax years 2010 and 2011.

5. Wells Fargo maintains numerous and substantial connections within this Court's jurisdiction, and, further, maintains the accounts summoned at the Las Vegas Branch located at 3800 Howard Hughes Parkway, Las Vegas, NV 89169—which is the main branch of MRI's banking business with Wells Fargo.

6. The summons issued to Wells Fargo is a third-party summons to which the provisions of 26 U.S.C. § 7609 apply. See 26 U.S.C. § 7609(c)(1).

7. Pursuant to 26 U.S.C. § 7609 (a)(1), MRI is entitled to notice of the summons issued to Wells Fargo on April 2, 2013, within three days of the date the summons was served upon Wells Fargo. It is unclear when the summons was served upon Wells Fargo from the face of the summons.

8. The summons issued by the IRS, and attached hereto as **Exhibit 1**, contains no certificate of service or confirmation that the notice requirement of 26 U.S.C. 7609(a)(1) to MRI has

---

[1] Proper service is not immediately apparent from the face of the summons. Therefore, petitioner disputes that service has been property effectuated and requests the IRS to submit proof of proper service pursuant to 26 U.S.C. § 7603.

been met.

9. Pursuant to 26 USC § 7609(b)(2)(A), MRI has standing to begin a proceeding to quash the summons issued to Wells Fargo on April 2, 2013, and does so in a timely manner.

10. The summons issued by Revenue Agent Schlueter commands appearance at the Las Vegas Office of the Internal Revenue Service on May 2, 2013, and requests expansive records, including the following materials for the time period between December 1, 2008 through January 31, 2012 (See Exhibit 1):

   a. "For the periods specified above, please furnish all books, papers, records, and other data concerning all accounts in which the above-named entity is identified as having any ownership interests, signatory privileges, rights to make withdrawals, or for which the above-named entity is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary. Records may pertain to an individual, sole proprietor with DBA, member of LLC, officer and/or board member of corporation, partner or general partnership, limited partnership and/or trust."

   b. The summons further states that it includes, but is not limited to: Private banking records, savings account records, checking account records, loan records, safe deposit box records, certificates of deposit, money market certificates and retirement account records, U.S. Treasury Notes and Bill Records, Stocks/Bonds records, credit card records, purchases of bank check records, and other records.

11. Revenue Agent Schlueter is, upon information and belief, assigned to the Examination Division of the Internal Revenue Service, and, as such, is not commissioned to conduct criminal investigations. Therefore, the examination being conducted by Revenue Agent Schlueter which has given rise to the summons at issues qualifies as a non-criminal tax matter before the Internal Revenue Service as defined in 26 U.S.C. § 7525(a)(2)(A) and the instant suit is a non-criminal tax proceeding in Federal Court brought against the Internal Revenue Service as defined in 26 U.S.C. § 7525 (a)(2)(B).

12. It appears on the face of the Summons that the Summons is issued "In the Matter of MRI International, Inc." The apparent purpose for the documentation sought in the summons is therefore not fully disclosed, other than to state that it could be for the purpose of establishing tax liability, and/or *for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.* Therefore, while the actual purpose of the summons remained unknown, the IRS has thrown in a "laundry list" of items, which now potentially includes a criminal investigation.

13. The Internal Revenue Service must at all times use the summons authority in good-faith pursuit of a congressionally authorized purpose. The IRS has the burden of showing in an adversarial proceeding that its investigation is pursuant to a legitimate purpose, and that the information sought is relevant and material to this legitimate purpose.

14. The IRS has been provided with substantial information to determine whether MRI may be liable under any internal revenue statute and the data summoned is likely incapable of adding any new information which could affect the determination of potential liability. The data sought contains information protected by medical privacy laws, including HIPAA, and could only serve to disclose the identities of third-parties, including patients, which would have no relevance here unless the IRS can demonstrate a legitimate purpose for the investigation. No such purpose for the investigation is stated on the Summons.

## ANALYSIS

The summons issued to Wells Fargo by Revenue Agent Schlueter on April 2, 2013, should be quashed for the following reasons:

15. MRI incorporates by references the allegations set forth in paragraphs 1 through 14, above, as if fully restated herein.

16. To obtain judicial enforcement of the Summons the IRS must establish: 1) the investigation is being conducted for a legitimate purpose, 2) the inquiry may be relevant to that purpose, 3) the information sought is not already in the IRS's possession, and 4) the administrative

steps required by the Internal Revenue Code have been followed. United States v. Powell, 79 U.S. 48, 57-58 (1964).

17. It is well settled precedent that a summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. § 4022.62(1) and 4022.63, and 26 C.F.R. §1.6001-1.  The summons issued by Respondent in this case fails to state any liability, actual or ostensible, for which purpose the summons may have been issued.

18. Internal Revenue Code §7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to ".."determining the liability of any person for any internal revenue tax."  However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something. United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F.2d 341, 345 (4th Cir. 1980); United Sates v. Harrington, 388 F.2d 520, 524 (2nd Cir. 1968). The burden is upon the United States to show that the information sought is "relevant to proper purpose." United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F.2d 564, 567 (5th Cir. 1985).

19. In the present case, the Summons issued by Agent Schlueter is facially invalid for the reasons set forth above.

20. The summons is also invalid and improper as it requests some information which has already been provided by MRI; furthermore, the summons requests information which has only recently become the subject of the audit, and which the IRS has not made reasonable attempts to obtain from MRI preliminarily.

21. The Summons seeks overbroad records unrelated and irrelevant to the civil audit the IRS is purportedly conducting.  Instead, the Summons amount to an apparent fishing expedition, rather than an effort to conduct or investigate statutorily authorized inquiries.  26 U.S.C. §

7602(a) & (b); See also 26 U.S.C. § 7605(b)(no taxpayer shall be subjected to unnecessary examination or investigations). Here, the summons would result in the disclosure of confidential information, including patient names and information, which could subject MRI to unnecessary civil liability. MRI has previously attempted to work with the IRS with respect to disclosure of redacted information which would protect MRI from potential civil liability. MRI and the IRS have yet to reach an agreement with respect to the confidentiality of potential disclosure of patient names/identities, as the IRS upon information and belief believes HIPAA presents to issue with respect to these records.

22. The Summons at issue in this matter is overbroad, generalized, and the Government's actions are similar to general exploratory search warrants in violation of the Defendant's Fourth, Fifth, and Fourteenth Amendment Rights.

23. Prior to issuance of the Summons, no notice of third-party contacts was made as required by Internal Revenue Code § 7602.

24. The IRS ignored provisions of the Internal Revenue Code, as set forth above, by failing to provide adequate notice of third-party contacts prior to issuance of the Summons. These provisions were passed during the 1998 Reform and Restructuring Act due to testimony before Congress of abuses such as are present in this case. Congress intended to afford taxpayers notice and an opportunity to appeal matters within the IRS administratively prior to a Summons being issued. The Code requires that reasonable notice is to be given to the taxpayer prior to third-party contacts. This was not done in this case.

25. Additionally, the Summons at issue is vague, overly broad, and constitutes a further attempt at the IRS to obtain information on payment to foreign parties, including previously requested information regarding "all accounting and tax records related to payments of interest, dividends, royalties...made to foreign persons," as has previously been sought by the IRS. There is substantial authority suggesting that United States-sourced interest paid by a United States corporation (like MRI) to Japanese lenders is not subject to withholding for United States federal tax purposes pursuant to either the Internal

Revenue Code (the "IRC") or the United States-Japan Tax Treaty of 2003. Thus, not only is the IRS requesting irrelevant information, but it also is now placing MRI in danger of potential civil liability for disclosure of third-party names, investors, and other individuals without a basis for asserting additional tax liability against MRI. Again, while MRI has previously attempted to work out an agreement with the IRS relative to this matter, the same has not been reached by the parties as of yet. This type of information request constitutes a clear "fishing" expedition with no legitimate purpose.

26. The summons issued by the IRS is overly burdensome with respect to the volume of information requested, and, given the objections noted above and concerns, listed, should be quashed and/or modified appropriately to address the objections noted herein.

WHEREFORE, it is prayed that this Court:

1) Grant this Petition and quash the summons on the basis that:
    a. The summons seeks information already in possession of the Internal Revenue Service;
    b. The summons is overbroad in nature, calls for irrelevant information, and is essentially a "fishing expedition;"
    c. The IRS has failed to provide legitimate justification for issuance of the Summons;
    d. The data requested would result in the disclosure of confidential and protected information, including patient data, names, and medical information;
    e. The IRS has failed to follow all requisite procedural steps for enforcement of the Summons;
    f. The sole purpose of the Summons is to harass Petitioner

/ / /
/ / /
/ / /
/ / /
/ / /

2) Grant Plaintiff the costs of this action, including reasonable attorney's fees

    a. Grant such other and further relief as the Court deems just and proper.

Dated this 22nd day of April, 2013.

                                                /s/ Erick M. Ferran, Esq.
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
*Telephone No.: (702) 784-7600*
*Facsimile No.: (702) 784-7649*
*ferranlawoffice@gmail.com*
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of HITZKE & ASSOCIATES and that on the 22nd day of April, 2013, I caused to be sent via certified mailing, and via United States Mail, First Class, Postage Prepaid, a true and correct copy of the above and foregoing **PETITION TO QUASH SUMMONS** properly addressed to the following:

| Certified | Certified |
|---|---|
| Internal Revenue Service<br>Attn: Tina Schlueter, Revenue Agent<br>IRS—MS 4411 TS<br>110 City Parkway<br>Las Vegas, NV 89106 | Wells Fargo Bank<br>Attn: Legal Processing Center<br>401 Market Street, MAC # Y1372-110<br>Philadelphia, PA 19106 |

                                                */s/ Erick M. Ferran*
An Employee of Hitzke & Associates

# EXHIBIT 1



# Summons

In the matter of  MRI International, Inc.
Internal Revenue Service (Division):  Small Business / Self-Employed
Industry/Area (name or number):  Las Vegas, Nevada
Periods:  December 1, 2008 through January 31, 2012

## The Commissioner of Internal Revenue

To:  Wells Fargo Bank NA, through Legal Order Processing Center

At:  401 Market Street, MAC# Y1372-110   Philadelphia, PA 19106

You are hereby summoned and required to appear before  Tina Schlueter, Revenue Agent; ID #898782
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown.

See attachment to Form 2039

This information may be mailed in lieu of the appearance requirement.

Please contact Tina Schlueter at the telephone number below before complying with this summons.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
IRS - MS 4411 TS    110 City Parkway    Las Vegas, NV 89106    Telephone: (702) 868-5421

**Place and time for appearance at**  IRS - MS 4411 TS    110 City Parkway    Las Vegas, NV 89106

**IRS**
on the  2  day of  May  2013  at  9  o'clock  a  m.
Issued under authority of the Internal Revenue Code this  2  day of  April  2013

Department of the Treasury
Internal Revenue Service
www.irs.gov

Signature of issuing officer

Revenue Agent
Title

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

Signature of approving officer *(if applicable)*

Group Manager
Title

**Part C** — to be given to noticee



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -
    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
    (3) Exceptions. - This subsection shall not apply-
        (A) to any contact which the taxpayer has authorized,
        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
        (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-
    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
    (2) Justice Department referral in effect. - For purposes of this subsection-
        (A) In general. - A Justice Department referral is in effect with respect to any person if-
            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
        (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-
            (i) the Attorney General notifies the Secretary, in writing, that -
                (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
                (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
                (III) he will discontinue such a grand jury investigation.
            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

\* \* \* \* \*

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -
    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -
        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));
        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
        (C) Any person extending credit through the use of credit cards or similar devices;
        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
        (E) any attorney;
        (F) any accountant;
        (G) any barter exchange (as defined in section 6045(c)(3));
        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
        (I) any enrolled agent; and
        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P L. 90-578.

\* \* \* \* \*

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -
    (1) fees and mileage to persons who are summoned to appear before the Secretary, and
    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -
    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 12-2008)

**To:** MRI International, Inc.

**Address:** 5370 S Durango Drive Las Vegas, NV 89113

**Date:** April 2, 2013

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

Part D — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -
(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons
(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;
(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
(D) issued in aid of the collection of-
 (i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or
 (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or
(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
 (ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-
(A) beginning on the date which is 6 months after the service of such summons, and
(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -
Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

Form **2039** (Rev. 12-2008)

# ATTACHMENT TO WELLS FARGO BANK SUMMONS

Issued to: Wells Fargo Bank
In the matter of: MRI International, Inc.
Periods: December 1, 2008 through January 31, 2012

For the periods specified above, please furnish all books, papers, records, and other data concerning all accounts in which the above-named entity is identified as having any ownership interests, signatory privileges, rights to make withdrawals, or for which the above-named entity is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary. Records may pertain to an individual, sole proprietor with DBA, member of LLC, officer and/or board member of corporation, partner of general partnership, limited partnership and/or trust. This request for records includes, but is not limited to:

1. **PRIVATE BANKING** including all agreements, contracts, records, books, ledgers, and other documents relating to all of the "Private Banking" agreements and relationships.

2. **SAVINGS ACCOUNT RECORDS** including signature cards, ledger cards or records/bank statements showing dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips (front and back), checks deposited (front and back), withdrawal slips, and checks issued for withdrawals (front and back), Forms 1099 issued, and exempt status documentation.

3. **CHECKING ACCOUNT RECORDS** including signature cards, bank statements, deposit slips (front and back), checks deposited (front and back), checks drawn on the account(front and back), records of all debit and credit memos, Forms 1099 issued, and exempt status documentation.

4. **LOAN RECORDS** including applications, financial statements, loan collateral, credit, and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records showing the date, amount and method of repayment, checks used to repay loans and records showing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

5. **SAFE DEPOSIT BOX RECORDS** including contracts, access records, and records of rental fees paid showing the date, amount, and method of payment (cash or check).

6. **CERTIFICATES OF DEPOSIT, MONEY MARKET CERTIFICATES, AND RETIREMENT ACCOUNTS** including applications, actual instruments(s), records of purchases and redemptions, checks issued on redemption, checks used to purchase certificates, any correspondence and any Forms 1099 issued, records showing the annual interest paid or accumulated, the dates of payment or dates interest was earned, checks issued for interest payments.

7. **U.S. TREASURY NOTES AND BILLS** including all records of the purchase of U.S. Treasury Bills and Notes and/or subsequent sale of such bills or notes, including interest paid, checks used for the purchase or sale of the notes and bills, Forms 1099 issued, checks issued for interest payments, records of interest paid or accumulated showing the dates and amount of interest paid or accumulated.

8. **STOCKS AND BONDS** including all agreements, contracts, applications for account, signature cards, mutual fund accounts, commodity accounts, margin accounts, or other

## ATTACHMENT TO WELLS FARGO BANK SUMMONS

accounts. Such records include cash receipts, confirmation slips, securities delivered receipts, statements of account, notifications of purchase or sale, representative's stock record, account executive worksheets, correspondence, ledger sheets, cash in slips, buy and sell slips, or other records of these transactions. Documentation and correspondence about stock, municipal or corporate bond transactions, and financial counseling on any of the above.

9. **CREDIT CARD RECORDS** including the above named individual(s)' application, signature card, any credit or background investigations conducted, correspondence about the credit card accounts, monthly billing statements, individual charge invoices, repayment records showing the dates, amounts, and method (cash or check) of repayment, checks used to make repayments (front and back).

10. **PURCHASES OF BANK CHECKS** including cashier's, teller's, or traveler's check records, or money order records including the check register, file copies of the checks or money orders, records showing the date and source of payment for such checks or money orders.

11. **OTHER RECORDS** including records of Currency Transaction Reports (Form 4789), certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts. Such records include those that show the date and amount of the transaction, method (cash or check) and source of payment, destination, recipient, instruments, and statements of transactions.

Personal appearance is not necessary if the required records are received by mail by the date specified in the summons. A cover letter is required which outlines the information and records provided.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media (compact disk) whenever available. A record layout for the data is also requested. The record layout should specify the type of information provided and actual electronic file name. Each type of information should be recorded in a separate document; however, multiple dates may be included in the same file. The record layout should be placed in the same order as the information listed above.

**Please provide documentation in the above order. If the billing of requested items will exceed $800 please contact the issuing agent before proceeding.**