KATHRYN KENEALLY
Assistant Attorney General

LEE PERLA
Trial Attorney
U.S. Dept. of Justice
PO Box 683
Washington, DC 20044
Tel:    202-514-9593
Fax:    202-307-0054
Lee.Perla@usdoj.gov

DANIEL G. BOGDEN
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| MRI INTERNATIONAL, INC., a Nevada Corporation, | No. 2:13-cv-00676-APG-(PAL) |
|---|---|
| Petitioner, | |
| vs. | MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS THE PETITION TO QUASH THE SUMMONS TO WELLS FARGO BANK NA |
| THE UNITED STATES OF AMERICA, | |
| Respondent. | |

The United States of America ("United States"), through undersigned, pursuant to Rule 12(b)(1) and 12(b)(6), respectfully moves for entry of an Order dismissing the above-titled action for lack of jurisdiction and because Petitioner failed to state a claim for which relief may be granted.

In support thereof, the United States offers the points and authorities cited below and the Declaration of the Revenue Agent ("RA Decl.") that issued the summons.

**INTRODUCTION:**

Sections 7602 through 7609 of the Internal Revenue Code govern the procedure applicable to the issuance, compliance, enforcement, and challenges of summonses.  Section 7602 grants broad authority to officers of the Internal Revenue Service ("Service") for summonses issued as part of an examination of tax liability.  *See United States v. Euge*, 444 U.S. 707, 714 (1980); *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984).  Section 7609 sets forth both the procedures and rights applicable to one category of summonses – third-party summonses.  A person entitled to receive notice of a third-party summons may bring a petition to quash the summons under 26 U.S.C. § 7609.

Congress enacted the "proceeding to quash" procedure in 1982 as part of the Tax Equity and Fiscal Responsibility Act (TEFRA).  *See* S. Rep. No. 97-494, vol. 1, at 282, reprinted in 1982 U.S.C.C.A.N. 781, 1027.  Congress limited the cause of action to ensure that taxpayers could only interfere with the Service's audits and examinations based on proper grounds.  *Id*.  Congress sought to thwart the sort of frivolous actions that resulted in fruitless delays, as had frequently been the case before the passage of TEFRA.

Here, MRI International, Inc. ("MRI") filed a petition to quash an administrative summons issued by the Service to Wells Fargo Bank NA.  MRI recited several grounds for quashing the summons.  MRI, however, failed to adhere to the prerequisite conditions for invoking § 7609's waiver of the United States' sovereign immunity.  Additionally, MRI offered only unsupported, wholly conclusory allegations.  MRI failed to show any good cause for granting the extraordinary relief that MRI seeks.

**STATEMENT OF FACTS:**

Petitioner MRI is a subchapter C corporation incorporated in the State of Nevada and wholly-owned by Mr. Edwin Y. Fujinaga, a Nevada resident. RA Decl. at ¶ 3. MRI purchases and collects accounts receivables from other companies owned and controlled by Mr. Fujinaga. *Id*. MRI markets itself and receives money from investors or partners. *Id*.

The Revenue Agent is conducting an examination for the purpose of determining the correct federal tax liabilities of MRI for the 2009, 2010, and 2011 tax periods. *Id.* at ¶ 2. The Revenue Agent's preliminary examination indicates that MRI failed to report all of its income. *Id.* at ¶ 3. The Revenue Agent issued four informal document requests. *Id*. MRI failed to produce most of the requested documents, including bank records and a general ledger. *Id.* MRI claimed *inter alia* that providing such information would violate the Health Insurance Portability and Accountability Act (HIPPA)[1] or unspecified provisions of the treaties in effect between the United States and Japan. *Id.*

On April 2, 2013, in furtherance of the examination and in accordance with 26 U.S.C. § 7602, the Revenue Agent issued an Internal Revenue Service third-party summons to Wells Fargo Bank NA to produce for examination the books, papers, records, or other data as described in said summons. *Id.* at ¶ 4. Because Wells Fargo Bank NA is a third-party record-

---

[1] Health Insurance Portability and Accountability Act, Pub. L. 104-191, 110 Stat. 1936 (Aug. 21, 1996). Under the terms of HIPAA, "[a] covered entity may not use or disclose protected health information, except as permitted or required by [specific provisions of HIPAA]." *Schneider v. Elaine Cooper, L.P.C.*, 2009 U.S. Dist. LEXIS 125017, 13-14 (D. Colo. Dec. 16, 2009). A "covered entity" is defined "a health plan," a "health care clearinghouse," or a health care provider who transmits any health information in electronic form. 45 C.F.R. § 160.103. "Protected health information" includes "individually identifiable health information," meaning information that " [r]elates to the past, present, or future physical or mental health or condition of an individual . . . and . . . identifies the individual . . . ." *Id*.

keeper under 26 U.S.C. § 7603(b)(2)(A), the Revenue Agent served the third-party summons issued to Wells Fargo Bank NA by certified mail. *Id*. The Revenue Agent attached a copy of the summons issued to Wells Fargo Bank NA and a certificate of service thereof to her declaration as Exhibit A. *Id*.

The Revenue Agent gave all required notices in issuing the summons to Wells Fargo Bank NA. On April 2, 2013, in accordance with 26 U.S.C. § 7609(a), the Revenue Agent sent notice of the issuance of the summons to MRI by certified mail. *Id*. at ¶ 5. Pursuant to 26 U.S.C. § 7602(c), for her examination into the taxable year 2009, the Revenue Agent gave notice of third-party contact by mailing a copy of IRS Publication 1 to MRI on February 1, 2012. *Id*. at ¶ 6. For her examination into taxable years 2010 and 2011, the Revenue Agent gave notice of third-party contact by mailing a copy of IRS Publication 1 to MRI on March 21, 2012. *Id.*

On April 22, 2013, MRI filed a petition to quash the summons issued to Wells Fargo Bank NA. *Id*. at ¶ 7. As a result, Wells Fargo Bank NA has not produced the summonsed books, papers, records, or other data requested in the summons. *Id*.

The books, records, papers, and/or other data sought by the summons may be relevant to this examination. *Id*. at ¶ 8. An examination of the books, papers, records, or other data sought by the summons must occur for me to properly examine the federal tax liability of MRI for the 2009, 2010, and 2011 tax periods. *Id*. The testimony and books, papers, records, or other data sought by the summons is not already in the possession of the Service. *Id*. at ¶ 9.

All administrative steps required by the Internal Revenue Code have been taken. *Id*. at 10. As of the date of the Revenue Agent's Declaration, no Department of Justice referral, as described in 26 U.S.C. § 7602(d)(2), is in effect with respect to MRI. *Id*. at 11.

## **ARGUMENT:**

### 1. THE COURT SHOULD DISMISS THE PETITION UNDER RULE 12(b)(1).

MRI failed to comply with the prerequisites for invoking § 7609(b)'s sovereign immunity waiver. Since no other statute waives sovereign immunity for MRI's action, this Court lacks jurisdiction and the action should be dismissed.

### *a. MRI has the burden for establishing jurisdiction.*

MRI has the burden of showing both a waiver of sovereign immunity and for establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (courts presume lack of jurisdiction until proven otherwise). That means that MRI and its corporate officer must identify (1) "statutory authority granting subject matter jurisdiction," and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007) (quoting *Alford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)).

Even if MRI alleges a statutory cause of action, the Court lacks jurisdiction unless MRI also shows a specific and explicit waiver of sovereign immunity, and even then only in strict accordance with that waiver's terms. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

### B. Petitioners may not rely on § 7609(b)(2)'s sovereign immunity waiver.

Section 7609(b)(2) provides a limited waiver of sovereign immunity. *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Importantly, however, the "conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Mollison*, 568 F.3d at 1075 (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)). That means that before this Court may take jurisdiction over this action, MRI as the party invoking § 7609(b)(2)'s waiver must show that it met each of the statute's prerequisite conditions. *See*, *e.g.*, *Rock Island A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920) (holding plaintiffs "must turn square corners when they deal with the Government" and that if a statute "attaches even purely formal conditions to its consent to be sued[,] those conditions must be complied with"); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

Here, MRI cannot show that. MRI ignored two of prerequisite conditions for invoking § 7609's sovereign immunity waiver. First, MRI failed to effect proper service on the United States. Rule 4(i) of the Federal Rules of Civil Procedure provides that service upon the United States shall be effected by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by sending a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C. MRI has not served its petition on either the United States Attorney for the District of Nevada or the Attorney General of the United States. *See generally* Docket. MRI's failure to properly effect

9

service renders the service of process insufficient and makes the petition subject to dismissal.[2] *See Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987).

Second, the MRI failed to obtain issuance of a summons under Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(b), 4(c) (summons shall be issued for each defendant to be served and must be served together with a copy of the complaint); *see also Kish v. United States*, 77 A.F.T.R.2d 96-1305, 1996 WL 196730, *1 (W.D. Mich. 1996). MRI has the burden for demonstrating that service of process was sufficient, and that means MRI must show that it served a valid summons of the district court with the petition. *Mateo v. M/S KISO*, 805 F.Supp. 792, 794 (N.D. Cal. 1992); *Well v. City of Portland*, 102 F.R.D. 796, 799 (D.Or. 1984). In this case, MRI failed to obtain a summons much less serve it on any party.

MRI may ask for reasonable time to cure the defective service under Rule 4(i)(4). Rule 4(i)(4), however, applies only if MRI had to serve federal officers in addition to the United States Attorney and the Attorney General. *See Tuke v. United States*, 76 F.3d 155, 158 (7th Cir. 1996). Even it could use Rule 4(i)(4), MRI may cure defective service only "if the plaintiff has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(3)(A). Here, MRI served neither and thus cannot benefit from Rule 4(i)(4).

Thus, since MRI failed to perfect service or obtain a summons, prerequisites for relying on § 7609's waiver, the Court should dismiss MRI's petition as barred by sovereign immunity.

---

[2] In addition to the jurisdictional grounds, the Court should also dismiss MRI's petition under Rule 12(b)(4) and 12(b)(5). MRI's failure to effect proper service or obtain a summons represents nothing less than "a complete disregard of the requirements of process set forth clearly and concisely in Rule 4" that the Court should not "exercise its discretion to grant leave to amend." *Macaluso v. N.Y. Dept. of Envtl. Conservation*, 115 F.R.D. 16, 18 (E.D. N.Y. 1986) (citing *Gianna Ent. v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1358 (S.D.N.Y. 1982)).

## 2. THE COURT SHOULD DISMISS THE PETITION UNDER RULE 12(b)(6).

In addition to the jurisdictional grounds set forth above, MRI's petition to quash should be dismissed under Rule 12(b)(6) because MRI failed to state a claim upon which relief can be granted. MRI's pleading must give fair notice to each named defendant and state the elements of the claim plainly and succinctly. *See* Rule 8(a); *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). MRI's wholly conclusory petition falls well short of that test. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). MRI's "obligation to provide the 'grounds' of [MRI's] 'entitlement to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A mere "formulaic recitation of the elements" of a petition to quash, as MRI made here, just "will not do." *Id*.

Instead, MRI had to allege sufficient facts to raise the right to relief above the "speculative level." *Id*. MRI's allegations, however, contain no facts that would make it possible for the Court to infer any possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). As such, MRI has alleged, but not shown, entitlement to relief. *Id*.; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (holding district court need not take as true "conclusory" allegations, unwarranted deductions, or unreasonable inferences). At best, MRI asserts a classic "laundry list" of wholly conclusory allegations for quashing a summons. As the record and the Revenue Agent's declaration[3] show, each and every one of MRI's claims lacks merit.

---

[3] In deciding this Rule 12(b)(6) motion, the Court may consider the Declaration of the Revenue Agent attached here. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### a. The United States' acted in good faith in issuing the summons.

MRI's chief basis for quashing the summons centers on an attack on the United States' good faith. MRI makes those boilerplate allegations because in *United States v. Powell*, the Supreme Court held that district courts must enforce summonses upon a showing of "good faith." 379 U.S. 48, 56-58 (1964); *United States v. Stuart*, 489 U.S. 353, 359 (1989); *Fortney v. United States*, 59 F.3d 117, 119-20 (9th 1995) (applying the *Powell* good faith test to both motions to dismiss petitions to quash and petitions to enforce summonses); *Ponsford v. United States*, 771 F.2d 1305, 1307 (9th Cir. 1985). Under *Powell*, the United States establishes its *prima facie* case by showing that: (1) the Service issued the summons for a legitimate purpose; (2) the Service sought information relevant to that purpose; (3) the Service did not already possess the information; and (4) the Service satisfied all required administrative steps. *See Stuart*, 489 U.S. at 359 (*quoting Powell*, 379 U.S. at 57-58).

Courts regard the United States' burden as "slight," and met by introducing a revenue agent's sworn declaration. *See Fortney*, 59 F.3d at 120; *see also Stuart*, 489 U.S. at 360; *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999). Courts make the burden "slight" to avoid "unduly restrict[ing]" the Service's powers. *See Lewis v. United States*, 2012 WL 1197784 at *3 (E.D. Cal. Apr. 10, 2012) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *Liberty Fin. Serv., v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)); *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15 (1984).

Here, the attached Revenue Agent's declaration provides ample evidence of the United States' good faith.[4]

### i. The Service has a legitimate purpose for seeking the information.

The Service has an ample legitimate purpose for issuing a summons to Wells Fargo Bank NA, the holder of MRI's corporate accounts, as part of its examination of MRI's potential federal tax liabilities. RA Decl. at ¶ 3. That purpose must be regarded as legitimate. The Service may summon the books, records, and witnesses for the purpose of determining any person's liability for any tax. *Reiserer v. United States*, 479 F.3d 1160, 1166 (9th Cir. 2007) (citing 26 U.S.C. § 7602(a)); *see also* 26 U.S.C. § 7602(b). MRI's suggestion of any other purpose, much less some unspecified illegitimate purpose, lacks merit.

### ii. The Service requested information relevant to its investigation.

MRI claims that the Service seeks information not relevant to its examination of MRI's potential tax liabilities. *See* No. 1 at ¶ 21. MRI supports that claim with wholly conclusory allegations. *Id.* at ¶ 18. The Revenue Agent's declaration, however, shows that the Revenue

---

[4] Following the United States *prima facie* case for enforcing the summons, as set forth in Part 2.a. i.-iv., a presumption arises in favor of summons enforcement. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443-44 (10th Cir. 1985). MRI can only refute that good-faith showing by offering "specific facts and evidence" of bad faith or improper purpose. *Crystal*, 172 F.3d at 1144 (citing *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)); *see also United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). Conclusory allegations cannot suffice. *Balanced Fin. Mgmt.*, 769 F.2d at 1444 (*quoting United States v. Kis*, 658 F2d 526, 538-39 (7th Cir. 1981)). Instead, MRI must adduce specific facts that "create a substantial question in the court's mind regarding the validity of the government's purpose." *United States v. Gertner*, 65 F.3d 963, 967 (1st Cir. 1995). If MRI cannot provide specific and credible evidence of a lack of "institutional good faith" or otherwise demonstrate that enforcing the summons would constitute an "abuse" of process, the Court should dismiss MRI's petition. *Fortney*, 59 F.3d at 120 (citation omitted); *see also Crystal*, 172 F.3d at 1144; *Barquero v United States*, 18 F.3d 1311, 1317 (5th Cir. 1994). In fact, the Court should dismiss MRI's petition with prejudice. MRI's petition cannot be cured in light of the United States' *prima facie* showing of good faith. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted here because such amendments would be futile. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

Agent requested information that by any standard must be regarded as relevant to her examination. RA Decl. at ¶ 8. Specifically, the summons issued to Wells Fargo Bank NA requests MRI's banking and financial records. *See* No. 1 at 14-15. Such records may show MRI's income, expenses, costs, or other related information. As such, those records may be relevant to MRI's tax liabilities.

MRI also alleges that the Service seeks unspecified HIPPA information. No. 1 at ¶¶ 14, 18-19, 21. MRI's conclusory allegations appear inaccurate. HIPPA does not make banks holding financial records a "covered entity." 45 C.F.R. § 160.103; *see also* Footnote 1 *supra*. Even if a bank could be regarded as a covered entity, HIPPA contains an exception for administrative summonses issued under 26 U.S.C. § 7602(a). *See* 45 C.F.R. § 164.512(f). moreover, even if Wells Fargo Bank NA held HIPPA protected material, the records could be released in a "de-identified form." 45 C.F.R. § 164.514(a). MRI's suggestion that the Service seeks information not relevant to its investigation lacks all merit.

### iii. The Service requested information not in its possession.

MRI intimates that because the Service may request information informally that the Service already has that information in its possession or that failing to request information informally from MRI makes the summons to Wells Fargo Bank NA impermissibly vague, overbroad, or overburdensome. *See* No. 1 at ¶¶ 17, 20, 21, 22, 26. Here again, MRI never provides specific allegations. MRI has that burden, and must offer more than such conclusory allegations. *Stuart*, 489 U.S. at 360; *Arthur Young & Co.*, 465 U.S. at 813-15; *Crystal*, 172 F.3d at 1144; *Jose*, 131 F.3d at 1328; *Fortney*, 59 F.3d at 120; *Dynavac, Inc.*, 6 F.3d at 1414;

*Derr*, 968 F.2d at 945; *Liberty Fin. Services*, 778 F.2d at 1392.  In any case, the Revenue Agent's declaration shows that the Service sought information not already in its possession.  RA Decl. at ¶¶ 3-4, 8-9.  In fact, MRI's claim appears somewhat disingenuous since the Revenue Agent issued the summons only after MRI refused to comply with no less than four informal requests.  *Id*. at 3.  MRI's contrary assertions lack merit.

As for being impermissibly vague, the face of the summons refutes MRI's claim on its own.  The summons requests information covering December 1, 2008 through January 31, 2012.  Ex. A to RA Decl.  The attachment to the summons repeats the relevant time period and further explains exactly what records the summoned party should produce.  *See id*.  Wells Fargo Bank NA will have little trouble obeying the summons, and MRI's claim lacks merit.

As for being overburdensome for Wells Fargo Bank NA, the Revenue Agent's declaration shows that she seeks only that information relevant to her investigation and limited to specific periods of time.  As such, MRI's claim lacks merit.  RA Decl. at ¶¶ 3-4, 8-9.

Lastly, MRI also claims that the summons appears overbroad.  MRI misapprehends the legal standard for overbroad.  A summons cannot be regarded as overbroad if the summons has enough specificity for the summonsed party to respond and its enforcement would not constitute an unreasonable search in violation of the Fourth Amendment.  *United States v. Wyatt*, 637 F.2d 293, 302 n.16 (5th Cir. 1981).  So long as the Service described the information sought with "reasonable certainty," the summons may not be regarded as overbroad.  26 U.S.C. § 7603(a)(1).  In this case, the summons describes the requested

15

documents with ample specificity.  *See* No. 1 at 14-15.  Wells Fargo Bank NA will be able to comply, and MRI's contrary suggestion lacks merit.

####         iv. **The Service completed all required administrative steps.**

Petitioner alleges some unspecified defect in service, either of the summons itself or of the Service's notice to MRI.  The Revenue Agent's Declaration, however, shows that the Revenue Agent served the summons properly and that MRI received timely notice in accordance with 26 U.S.C. §7609.  *Id.* at ¶¶ 4-10.  As such, MRI offers no genuine dispute over any material fact, and MRI's contrary assertions lack merit.

### b.  **MRI's other claims lack merit.**

Apart from MRI's general attack on the good faith of the Service or its officers, MRI makes two other allegations in support of its petition to quash.  Neither has merit.

#### i.  **The Service gave the required notice of third-party contacts.**

MRI claims that the Service failed to give reasonable notice of third-party contacts prior to issuing the summons.  *Id*. at ¶¶ 21, 23-24.  The Revenue Agent's declaration shows MRI's claim lacks merit.  RA Decl. at ¶ 6.

#### ii.  **Wells Fargo Bank NA's compliance would not violate the law.**

MRI claims that Wells Fargo Bank NA's compliance with the summons would subject MRI to unspecified civil liability.  *Id*. at ¶ 25.  MRI never explains why that might be true. MRI reveals only that it seeks to thwart the Service from learning the names of its "investors" because (allegedly) that would be illegal under the Internal Revenue Code or the United States-Japan Tax Treaty of 2003.  *Id*.  MRI's unfounded and wholly conclusory claims appear

16

1 unpersuasive and without merit.  Nevertheless the Revenue Agent has broad authority under 26
2 U.S.C. § 7602(a)-(b), and both she and the Service acted in good faith, *see* Part 2 *supra*; *see*
3 *also* RA Decl. at ¶¶ 3-4, 8-9.

4  Thus, MRI's conclusory allegations fall well short of showing any abuse of process or
5 bad faith, much less stating any claim for which relief can be granted.  As such, the Court
6 should dismiss MRI's petition to quash under Rule 12(b)(6).

**3. CONCLUSION:**

For the reasons set forth above, the Court should grant the United States' motion and dismiss MRI's petition to quash the summons issued to Wells Fargo Bank NA.

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

 /s/ Lee Perla
LEE PERLA
Trial Attorney, U.S. Dept. of Justice
PO Box 683, Washington, DC 20044
Tel:  (202) 616-9183

DANIEL G. BOGDEN
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing has been made on this date by the Court's CM/ECF system on the following:

> Erick M. Ferran, Esq.
> Hitzke & Associates
> 3753 Howard Hughes Pkwy, Ste. 200
> Las Vegas, NV 89169
> Tel:    702-784-7600
> Fax:    702-784-7649
> ferranlawoffice@gmail.com
> *Attorney for Petitioner*

>                     /s/ Lee Perla
>                     LEE PERLA
>                     Trial Attorney, Tax Division
>                     U.S. Department of Justice

18