**RSPN**
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
*Telephone No.: (702) 784-7600*
*Facsimile No.: (702) 784-7649*
*ferranlawoffice@gmail.com*
*Attorneys for Petitioner*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MRI INTERNATIONAL, INC., a Nevada Corporation,<br><br>   Petitioner,<br><br>   vs.<br><br>THE UNITED STATES OF AMERICA;<br><br>   Respondent. | Case No.: 2:13-cv-00676-APG-PAL |

**PETITIONERS' RESPONSE TO RESPONDENT'S MOTION TO DISMISS THE PETITION TO QUASH SUMMONS TO WELLS FARGO BANK NA**

COMES NOW Petitioner MRI INTERNATIONAL, INC, and hereby submit its response to Respondent's Motion To Dismiss The Petition To Quash The Summons To Wells Fargo Bank, NA.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Response is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities submitted herewith, any exhibits attached hereto, and any oral argument that the Court may entertain at the hearing in this matter.

Dated this 5th day of July, 2013.

        /s/ Erick M. Ferran, Esq.
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
*Telephone No.: (702) 784-7600*
*Facsimile No.: (702) 784-7649*
*ferranlawoffice@gmail.com*
*Attorneys for Petitioners*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/STATEMENT OF FACTS

On April 11, 2013, Petitioners Edwin Y. Fujinaga and MRI International, Inc., filed with the Court a Petition to Quash Summonses.  Doc. 1, 4/22/2013.  The Petition was sent via certified mail to Wells Fargo Bank, NA, and to the United States Revenue Agent issuing the Summons, as per the requirement of §7609.  Service upon the United States, as set forth below, is pending, and MRI is well within its time limit of 120 days to effectuate service.  On June 18th, 2013, the Government filed its Motion to Dismiss.  Doc. 3, 6/18/2013.  Petitioner incorporates the facts set forth in its original Petition to Quash Summonses as though fully set forth herein, and requests that the Court deny the Respondent's Motion for the reasons set forth herein.

### ARGUMENT

**A. The Court Should Deny Respondent's Request For Dismissal Under FRCP 12(b)(1), As MRI Is Still Within The Time Limit For Service Upon The United States.**

In the present case, the Government states that MRI has ignored two of the prerequisite conditions for invoking Section §7609's sovereign immunity waiver.  Government's Motion, Doc. 3-1, pg. 6.  First, the Government contends that MRI has failed to effect proper service on the United States.  Second, the Government contends that MRI has failed to obtain issuance of a

summons under Rule 4 of the Federal Rules of Civil Procedure. For the reasons set forth below, this argument necessarily fails, as MRI is within its 120-day limit under FRCP 4(m) for service of a summons and Complaint upon the United States of America.

In fact, the same argument raised by the Government was rejected by the Ninth Circuit, which states that the 20-day rule for certified mailing to the IRS Agent and to the subject of the summons does not apply to service upon the United States. In Mollison v. United States of America, 568 F.3d 1073 (9th Cir. 2009), the Court specifically relied upon statutory construction, treasury regulations, and legislative history to specifically determine that a Petitioner under similar circumstances as MRI (i.e., filing a Petition to Quash), had 120 days from the filing of the Petition to serve the United States with the Petition and a Summons.

In the present case, the Government does not challenge that proper certified mailings were submitted pursuant to the mandate of §7609. Rather, the only challenge made by the Government is that service has not yet been completed by the United States of America. This Court itself in setting deadlines noted that proof of service was due by August 20, 2013. See Docket. As such, the Government's arguments are misplaced, as MRI is well within its timeframe for the issuance of a summons and perfect of service upon the United States of America. MRI does not have to take any steps to cure any failure of service, as the time to effectuate service has not yet run.

Similarly, the Government's arguments regarding FRCP 12(b)(4) and FRCP 12(b)(5) similarly fail, as MRI does not need to amend or request additional time to serve the summons and complaint. In fact, MRI is within its time-limits for issuance and service of the summons along with its Petition in this matter.

As such, the Government's Request under FRCP 12(b)(1), 12(b)(4), and 12(b)(5) necessarily fail and should be denied.

**B. Petitioner Has Properly Stated A Claim Upon Which Relief Can Be Granted.**

Rule 12(b)(6) motions are generally viewed with disfavor. Gillligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). Dismissal without leave to amend is proper only in "extraordinary" cases. U.S. v. City of Redwood, 640 F.2d 963, 966 (9th Cir. 1981). When ruling

on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. Parks Sch. of Bus. Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The Court must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998); Broam v. Bogan, 20 F.3d 1023, 1028 (9th Cir. 2003).[1]

A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In short, MRI's Petition to Quash must provide a "short and plain statement of the claim showing that it is entitled to relief." Fed R. Civ. P. 8(a)(2). This is not an onerous burden. Johnson v. Riverside Healthcare System, LP, 534 F.3d1116, 1122 (9th Cir. 2008). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what…the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89 (2007). Ultimately, MRI's Petition must, at minimum, plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). At the motion to dismiss state, MRI need not support its allegations with evidence; its complaint must allege sufficient facts to state the elements of its claim and requested relief. See Twombly, 127 S.Ct. at 1974. See also Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008)(complaint must vie the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests). Moreover, as set forth in the Johnson case, even if it appears on the face of the pleadings that recovery is very remote and unlike, **that is not the test**. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, (2002). As such, even if the Government may not like the claims raised by MRI, or may think that one or more of the claims is inapplicable, the test is whether MRI has sufficient placed the Government on notice of its claims for relief, and this is

---

[1] The Government cites Broam v. Bogan, 320 F.3d 1023, 1062 n.2 (9th Cir. 2003), for the proposition that this Court may consider the Declaration of the Revenue Agent attached to their Motion. However, a closer reading of the note cited by the Government actually reveals that the Court notes that it must "accept as true the facts alleged in a complaint" dismissed pursuant to Rule 12(b)(6), and, specifically, that it may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. The Court further noted that facts raised for the first time in an opposition are only pertinent in deciding whether to grant leave to amend or to dismiss the complaint with or without prejudice. Simply put, there is no reference, as the Government states, which would support the use of the Government's Declaration as a consideration for the Court under 12(b)(6).

4

evident on the fact of MRI's Petition/Complaint.  See Document 1, 4/22/2013.

In its moving papers, MRI has alleged that the Government has acted in bad faith in issuance the summons in question, and has made numerous other allegations in support of its Petition to Quash the Summons.  See Document 1.  As set forth by the supporting caselaw herein, MRI need not allege every fact in support of its allegations, as such facts are developed through the course of discovery in a given case.  MRI need only place the Government on notice of its allegations and of its claims as to why the Petition to Quash was filed—and this has been more than adequately done in the attached Petition.

**C. The Government's Declaration Presents Matters And Testimony Outside Of The Pleadings, And This Court Must Afford Petitioner An Opportunity To Conduct Discovery And/Or Take Other Steps, As Established By Prior Jurisprudence, To Provide Reasonable Notice Of Conversion And To Allow For Adequate Response Following Discovery.**

In response to the Petition to Quash the Summons filed by the Petitioner, the Government has attached a Declaration of Revenue Agent Tina Schlueter in support of its Motion.  Ms. Schlueter essentially provides testimony outside the scope of the pleadings and without MRI having the benefit of conducting discovery in this matter.  The relevant language of Rule 12(b) states:

> If, on a motion asserting the defense number (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, th emotion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

The Ninth Circuit has previously considered the conversion of Rule 12(b)(6) motions to dismiss into summary judgment motions and has essentially concluded that a district court must take some affirmative action to effectuate conversion.  See North Star International v. Arizona Corp. Commission, 720 F.2d 578 (9th Cir. 1983); Jackson v. Southern California Gas Co., 881

5

F.2d 638 (9th Cir. 1989).  In the present case, Petitioner would ask that the Court exclude the Government's declaration from consideration.  Alternatively, if the Court is inclined to consider the declaration submitted by the Government, the Court should provide some ability to conduct discovery—as this matter has just commenced and as the parties have yet to conduct even their FRCP 26 meeting—prior to deciding whether summary judgment is appropriate in this case.  The Government's submitted declaration is essentially testimony outlining the merits of their case, which is not appropriate at the Motion to Dismiss Stage.  As such, Petitioner would ask that the Court clarify whether or not the Declaration will be considered, and, further, as such, if it is to be considered Petitioner would ask for proper notice of treatment as a summary judgment motion—as this is not addressed in the Government's Motion.

**D. If The Government's Motion Will Be Treated As A Summary Judgment Motion, Petitioner Requests The Opportunity To Conduct Reasonable Discovery To Prove Its Claims.**

If the Court is inclined to consider the Government's submitted declaration, MRI would respectfully request pursuant to FRCP 56(d) that the Court defer the ruling as discovery has not yet even commenced in this matter.  FRCP 56(d) provides that if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.  This case is in its infancy, and discovery has not yet even commenced.  If the Court is inclined to consider the declaration submitted by the government, Petitioner requests that the Court provide notice of such conversion and further that it allow for reasonable discovery into the matters outside of the pleadings alleged by the Government. In support of this request the Declaration of Edwin Y. Fujinaga is attached hereto as "Exhibit 1."


# CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court deny Respondent's Motion to Dismiss in its entirety.

Dated this 5th day of July, 2013.

                                        /s/ Erick M. Ferran, Esq.
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
*Telephone No.: (702) 784-7600*
*Facsimile No.: (702) 784-7649*
*ferranlawoffice@gmail.com*
*Attorneys for Petitioner*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of HITZKE & ASSOCIATES and that on the 5th day of July, 2013, I authorized the filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses of the parties listed below:

LEE PERLA
Trial Attorney
US Dept. of Justice
PO Box 683
Washington, DC 20044
Lee.Perla@usdoj.gov

DANIEL G. BOGDEN
United States Attorney
*Of Counsel*

Attorneys for the United States of America

                                        */s/ Erick M. Ferran*
An Employee of Hitzke & Associates