1   KATHRYN KENEALLY
    Assistant Attorney General
2
    LEE PERLA
3   Trial Attorney
    U.S. Dept. of Justice
4   PO Box 683
    Washington, DC 20044
5   Tel:    202-514-9593
    Fax:    202-307-0054
6   Lee.Perla@usdoj.gov

7   DANIEL G. BOGDEN
    United States Attorney
8   *Of Counsel*
    *Attorneys for the United States of America*
9
                    UNITED STATES DISTRICT COURT
10                       DISTRICT OF NEVADA

11  MRI INTERNATIONAL, INC., a Nevada        No. 2:13-cv-00676-APG-(PAL)
    Corporation,
12
            Petitioner,
13
        vs.                                  REPLY TO PETITIONER'S RESPONSE TO
                                             THE UNITED STATES' MOTION TO
    THE UNITED STATES OF AMERICA,            DISMISS THE PETITION TO QUASH THE
14                                           SUMMONS TO WELLS FARGO BANK NA
            Respondent.
15

16          The United States of America ("United States"), through undersigned, respectfully

17  replies to Petitioner's Response to the United States' motion to dismiss as follows:

18                              **INTRODUCTION:**

19          Petitioner, MRI International, Inc. ("MRI"), filed a petition to quash the administrative

20  summons issued by the Internal Revenue Service ("Service") to Wells Fargo Bank NA.  MRI

21  pled unsupported and wholly conclusory allegations that failed to show any good cause for

22  granting the extraordinary relief requested.  MRI also failed to establish that the Court had

jurisdiction.  Accordingly, the United States moved to dismiss.  MRI responded with four

points.  First, MRI asked the Court to let it have until August 20, 2013 to effect proper service.

Second, MRI says it met its burden under Rule 8.  Third, MRI says the Court should exclude

the declaration of the Revenue Agent that issued the summons.   And lastly, MRI says that it

should be allowed time to take discovery.  For the reasons that follow, the Court should reject

each of MRI's arguments and dismiss MRI's petition with prejudice.

<u>**ARGUMENT**</u>:

**1.       MRI ABANDONED ITS PRETENSES.**

In its Response, MRI made no attempt to support any of the wholly conclusory

allegations made in its original petition.  MRI, for example, never substantiated its claim that

complying with the summons would cause Wells Fargo Bank NA to violate the Health

Insurance Portability and Accountability Act (HIPPA).[1]  *See generally* No. 4.  MRI identified

no part of any treaty implicated by compliance with the summons.  *Id*.  MRI also abandoned its

unfounded procedural related allegations of wrongdoing or any related omissions.  *Id*.

**2.       THE COURT SHOULD SUMMARILY REJECT MRI'S ARGUMENTS.**

***a.   MRI admitted that the Court lacks jurisdiction.***

The United States sought dismissal *inter alia* for want of jurisdiction.  *See* No. 3-1 at 7

n.2.  MRI conceded that at present this Court lacks jurisdiction.  *See* No. 4 at 2-3.  MRI,

however, counters that "MRI does not have to take any steps to cure any failure of service, as the

time to effectuate service has not yet run."  *Id*.

---

[1] Health Insurance Portability and Accountability Act, Pub. L. 104-191, 110 Stat. 1936 (Aug. 21, 1996).

MRI never explains why it requires additional time.  Clearly using the full 120 days delays the investigation even further.  Regardless, even if MRI requires 120 days for effecting service, the Court should dismiss the petition pursuant to Rules 12(b)(4) and 12(b)(5) if that period lapses and MRI has failed to effect service.  *See* No. 3-1 at 7 n.2; *see also Mollison v. United States*, 568 F.3d 1073, 1077 (9th Cir. Nev. 2009).

### b.   MRI alleges no facts that let the court reasonably infer bad faith.

MRI cites authorities that ostensibly support a liberal pleading standard.  *See*, *e.g*., No. 3 at 4.  MRI's authorities, however, never apply Rule 8 in the context of a petition to quash a summons.[2]  As such, MRI's authorities have no bearing on the instant motion.

In contrast, the United States outlined the authorities that set forth MRI's burden for refuting the motion to dismiss MRI's petition.  *See* No. 3-1 at n.4.  Nowhere in its Response has MRI meet that burden.  MRI's conclusory allegations fall well short of showing any abuse of process or bad faith, much less stating any claim for which relief can be granted. As such, the Court should dismiss MRI's petition to quash under Rule 12(b)(6).

### c.   The Court should rely on the Revenue Agent's Declaration.

MRI asks the Court to exclude the declaration of the Revenue Agent that issued the summons to the Wells Fargo Bank NA attached to the United States motion to dismiss.  No. 4 at 6.  MRI implies some impropriety, either for the declaration addressing issues outside the pleadings or because MRI has not had an opportunity for discovery.  No. 3 at 5-6.

---

[2] MRI, for example, includes this quote:  "[s]pecific facts are not necessary" but fails to explain that in the case at issue the *pro se* prisoner actually pled detailed facts, including that (1) stopping hepatitis C medication put his life at risk; (2) that the risk would endure for one year; and (3) that prison officials knew of the risk but refused to act. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing those facts and noting the prisoner "bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings").

MRI's argument lacks merit.  Courts routinely rely on a revenue agent's sworn declaration in the context of summons enforcement, including when deciding to dismiss petitions to quash.  *See*, *e.g.*, *United States v. Stuart*, 489 U.S. 353, 359-60 (1989); *United States v. Powell*, 379 U.S. 48, 56-58 (1964); *Fortney v. United States*, 59 F.3d 117, 119-20 (9th 1995); *Ponsford v. United States*, 771 F.2d 1305, 1307 (9th Cir. 1985).  Thus, the Court may and should rely on the Revenue Agent's sworn declaration as establishing the United States *prima facie* case for enforcement.

### d.   MRI offers no reason for delaying the Revenue Agent's investigation.

MRI intimates that with additional discovery, it might uncover some facts that support its conclusory allegations.  *See* No. 4 at 6-7.  The United States made its *prima facie* showing of good faith, and the case law outlining MRI's burden in light of that showing does not give MRI the right to take discovery.  *See* Part 2.c *supra*.  Moreover, accepting MRI's invitation would vitiate the Rule 8 pleading standard.  Rule 8 articulates a minimal pleading standard precisely to thwart litigants such as MRI from invoking "the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'"  *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring).

Here, MRI offers no basis for invoking the machinery of discovery.  "Unless a taxpayer opposing enforcement of a summons makes a 'substantial preliminary showing' of an alleged abuse, neither an evidentiary hearing nor limited discovery need be ordered by the district court.  *United States v. Tiffany Fine Arts, Inc.*, 718 F.2d 7, 14 (2d Cir. 1983), *aff'd sub nom* 469 U.S. 310, 324 (1995); *see also Fortney*, 59 F.3d at 121 (citing *Stuckey*, 646 F.2d at 1372);

4

*United States v. BDO Seidman*, 337 F.3d 802, 809 (7th Cir. 2003); *Copp v. United States*, 968 F.2d 1435, 1438 n.1 (1st Cir. 1992); *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987); *United States v. Balanced Fin. Mgmt., Inc*., 769 F.2d 1440, 1444 (10th Cir. 1985); *United States v. Kis*, 658 F.2d 526, 539 n.39 (7th Cir. 1981); *United States v. Nat'l Bank of S. D.*, 622 F.2d 365, 367 (8th Cir. 1980).

**3.    CONCLUSION:**

    For the reasons set forth above, the Court should grant the United States' motion and dismiss with prejudice MRI's petition to quash the summons issued to Wells Fargo Bank NA.

                                        Respectfully submitted,

                                        KATHRYN KENEALLY
                                        Assistant Attorney General

                                         /s/ Lee Perla
                                        LEE PERLA
                                        Trial Attorney, U.S. Dept. of Justice
                                        PO Box 683, Washington, DC 20044
                                        Tel:  (202) 616-9183

                                        DANIEL G. BOGDEN
                                        United States Attorney
                                        *Of Counsel*
                                        *Attorneys for the United States of America*

5

1

**CERTIFICATE OF SERVICE**

2          I HEREBY CERTIFY that service of the foregoing has been made on this date

3   by the Court's CM/ECF system on the following:

4
            Erick M. Ferran, Esq.
5           Hitzke & Associates
            3753 Howard Hughes Pkwy, Ste. 200
            Las Vegas, NV 89169
6           Tel:    702-784-7600
            Fax:    702-784-7649
7           ferranlawoffice@gmail.com
            *Attorney for Petitioner*

8

9                                   /s/ Lee Perla
                                    LEE PERLA
10                                  Trial Attorney, Tax Division
                                    U.S. Department of Justice
11

12

13

14

15

16

17

18

19

20

21

22                                  6